FILED
 2010 Feb-01  PM 02:17
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE LAMAR HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:09-cv-01820-JHH-RRA |
| ) | |
| SGT. TAYLOR, *et al.,* ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 4, 2009, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff filed objections to the report and recommendation on December 14, 2009. (Doc. #13). In his objections, the plaintiff contends that his confinement in segregation violated certain Department of Corrections regulations. *Id*. at 2. However, the mere fact that a state agency may have violated its own regulations does not, alone, give rise to a constitutional claim. *United States v. Caceres*, 440 U.S. 741 (1979); *Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004).

Additionally, in an apparent effort to claim that the defendants' actions infringed upon a liberty interest, the plaintiff asserts the allegation that the change in his custody status affects his "parole release status and sentence." (Doc. #13, at 4). However, he provides no specific factual support for this conclusory statement. Because qualified immunity protects government actors not only from liability, but from the burdens of a lawsuit as well, the court may not defeat a defendant's qualified immunity by inferring claims beyond those that plainly appear on the face of the complaint.

*GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). More importantly, the Supreme Court addressed this issue in *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In *Sandin*, the court noted that the decision to parole a prisoner is based upon "a myriad of considerations" and because a prisoner "is afforded procedural protections at his parole hearing in order to explain the circumstances behind his misconduct record... [t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." 515 U.S. at 487.[1]

Finally, the plaintiff alleges that he was subjected to "atypical and significant hardship" due to the living conditions in the segregation unit. (Doc. #13, page 2). He states that there were no windows in the cell to protect him from cold temperatures, that sinks and showers contained no hot water, and that sewage backed up into certain shower areas. *Id*. Although it is unclear from the wording in his objections, it appears the plaintiff is attempting to argue that because the conditions in the segregation unit deteriorated to the point that they violated the Eighth Amendment, and thus became "atypical," he should have been afforded due process at the time he was placed therein. However, the Supreme Court has previously established that the mere placement of a prisoner in segregation "[does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, supra, at 486. To now require that every prisoner be afforded procedural due process before transferring him to punitive segregation on the chance that

---

[1] This part of the *Sandin* decision was considered with reference to State of Hawaii administrative regulations which afford certain procedural protections at parole hearings. However, it is apparent that the plaintiff here will also be afforded procedural safeguards in the event he applies for parole. The Alabama Code specifically mandates that any rules and regulations adopted by the Board of Pardons and Paroles shall not "have the effect of denying to any person whose application for parole or the revocation of whose parole is being considered by said board from having the benefit of counsel or witnesses upon said hearing." Ala. Code § 15-22-37 (1975).

the conditions therein might at some point violate the Eighth Amendment, would effectively negate the holding in *Sandin*. The plaintiff's contentions are therefore without merit.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED. This action is therefore due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** this the ___1st___ day of February, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE